# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHAWN R. CURL,<br><br>    Defendant. | 3:18-CR-057-MMD-WGC<br>3:19-CR-006-MMD-WGC<br><br>**Preliminary Order of Forfeiture** |

This Court finds Shawn R. Curl pled guilty to the following:

As to the Superseding Information in 3:18-CR-057-MMD-WGC (057), Count One of a One-Count Superseding Information charging him with conspiracy to possess with intent to distribute and to distribute at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Superseding Information, ECF No. 502; Plea Agreement, ECF No. 504; Arraignment & Plea, ECF No. 509.

As to the Superseding Indictment in 3:19-CR-006-MMD-WGC (006), Count One of a One-Count Superseding Indictment charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Superseding Indictment, ECF No. 31; Plea Agreement, ECF No. 40; Change of Plea, ECF No. 42.

This Court finds Shawn R. Curl agreed to the forfeiture of the property set forth in the Plea Agreement, the Forfeiture Allegation of the Superseding Information (057), the Bill of Particulars (006), and the Forfeiture Allegation of the Superseding Indictment (006). Superseding Information (057), ECF No. 502; Plea Agreement (057), ECF No. 504; Arraignment and Plea (057), ECF No. 509; Superseding Indictment (006), ECF No. 31; Bill

of Particulars (006), ECF No. 36; Plea Agreement (006), ECF No. 40; Change of Plea (006), ECF No. 42.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Forfeiture Allegation of the Superseding Information (057), the Bill of Particulars (006), and the Forfeiture Allegation of the Superseding Indictment (006) and the offenses to which Shawn R. Curl pled guilty.

The following property in 3:18-CR-057-MMD-WGC is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 853(p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c):

1. $1,000.00 in US Currency seized from Alberto Acosta-Macias at 3503 Postre Ct.;
2. $213.00 in US Currency seized from Jose Mora at 460 E. Grove St.;
3. $607.00 in US Currency seized from Shawn Curl at 4986 S. Virginia St.;
4. $996.00 in US Currency seized from Shawn Curl at 18119 Cherry Leaf Ct.;
5. $2,750.00 in US Currency seized from Shawn Curl at 18119 Cherry Leaf Ct.;
6. $16,021.00 in US Currency seized from Shawn Curl at 18119 Cherry Leaf Ct.; and
7. $3,785.00 in US Currency seized from Shawn Curl at 18119 Cherry Leaf Ct. and

The following property in 3:19-CR-006-MMD-WGC is any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1), and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c):

1. a Ruger .22 caliber revolver, model LCR, bearing serial number 1541-50273;
2. a Glock .40 caliber pistol, model 22GEN4, bearing serial number XUH065;
3. 3 rounds of .380 bullets;
4. 499 rounds of .40 caliber ammunition;
5. 187 rounds of .22 caliber ammunition;
6. 26 rounds of Winchester ammunition
7. 100 rounds of .40 caliber ammunition;
8. 178 rounds of Jack Ross .40 caliber ammunition;
9. 1 round of loose .40 caliber ammunition;
10. 20 rounds of 7.62 x 39 ammunition; and
11. any and all ammunition

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Shawn R. Curl in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet

government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, Nevada 89501, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by

/ / /

4

the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED November 5, 2019.

_____
HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on November 4, 2019.

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
FSA Contractor Paralegal